# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 12-316V
January 24, 2014
Not to be Published

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
JESSICA L. WEPPLER,                      \*

                   Petitioner,           \*

       v.                                \*       human papillomavirus vaccine;
                                       \*       chronic headaches; pain; fatigue;
                                       \*       hair loss; concentration problems;
SECRETARY OF HEALTH           \*       no persuasive evidence; petitioner
AND HUMAN SERVICES,           \*       moves for decision of dismissal
                                       \*

                   Respondent.        \*
                                       \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Michael G. McLaren, Memphis, TN, for petitioner.
Jennifer L. Reynaud, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

       Petitioner filed a petition on May 15, 2012, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10–34 (2012), alleging that human papillomavirus ("HPV") vaccine caused her chronic headaches, pain, concentration problems, fatigue, hair loss, gastrointestinal

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

issues, numbness in her hands and feet, fainting, postural tachycardia syndrome ("POTS"), and sleeping difficulties.

On January 23, 2014, petitioner filed a Motion for a Decision Dismissing the Petition, stating: "Petitioner has been unable to secure sufficient and/or persuasive evidence to prove entitlement to compensation in the Vaccine Program." Pet'r's Mot., at 1. In addition, petitioner states: "to proceed further would be unreasonable. . . ." Id.

The undersigned grants petitioner's motion and dismisses her case.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1) (2012).

Petitioner admits in her Motion for a Decision Dismissing the Petition that she has been unable to secure sufficient and/or persuasive evidence to prove entitlement in this Program. In other words, petitioner has failed to make a prima facie case under Althen.

Petitioner also states in her motion for a decision dismissing the petition that to proceed further would be unreasonable. The undersigned **GRANTS** her motion to dismiss. This petition is hereby **DISMISSED.**

## CONCLUSION

      This case is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: January 24, 2014                                         s/Laura D. Millman
                                                                                   Laura D. Millman
                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.