# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 12-316V
Filed: July 25, 2014
For Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JESSICA L. WEPPLER, | * | |
| | * | |
| Petitioner, | * | Expert fees; parties' obligation to research |
| | * | bona fides of expert |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER[1]

Dr. James ("Jim") F. Murphy, D.O., provided an expert report for petitioner on June 7, 2013.  On June 10, 2013, the undersigned issued an order discussing Dr. Murphy's arrest for tax fraud.  Order, June 10, 2013, ECF No. 18, at 1–2.  The undersigned also discussed the treatment practices of Cornerstone Progressive Health, of which Dr. Murphy is a partner.  Id. at 2–3.  For example, Cornerstone focuses on treating patients' "imbalance" and identifies seven major "hindrances to healing," including "heavy metal toxicity, chemical toxicity, nutritional deficiencies, chronic infections, emotional/spiritual stress, electromagnetic/geopathic field stress, and physical dysfunction."  Cornerstone Progressive Health, http://cornerstoneprogressivehealth.com (last visited July 24, 2014).  The undersigned also discussed Dr. Murphy's reliance in his report on testing done by Doctor's Data, which has been extensively criticized in autism cases.  Id. at 3–5 (discussing Mead v. Sec'y of HHS, No. 03-215V, 2010 WL 892248, at *104–05 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); King v. Sec'y of HHS, No. 03-584V, 2010 WL 892296, at *80 (Fed. Cl. Spec. Mstr. Mar. 12, 2010); Bast v. Sec'y

---

[1] Because this order contains a reasoned explanation for the special master's action in this case, the special master intends to post this order on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision or substantive order is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

<u>of HHS</u>, No. 01-565V, 2012 WL 6858040, at *17 n.62 (Fed. Cl. Spec. Mstr. Dec. 20, 2012), <u>aff'd</u>, (Fed. Cl. July 8, 2014)).

On November 1, 2013, petitioner's counsel informed the undersigned during a status conference that he had contacted Dr. David Rosenstreich to determine whether he would prepare an expert report for petitioner.  During the status conference on January 17, 2014, petitioner's counsel reported that Dr. Rosenstreich would not provide a report in support of petitioner's allegations.

On January 23, 2014, petitioner filed a Motion for a Decision Dismissing the Petition.  She stated that "[p]etitioner has been unable to secure sufficient and/or persuasive evidence to prove entitlement to compensation in the Vaccine Program," and "to proceed further would be unreasonable."  Pet'r's Mot., Jan. 23, 2014, ECF No. 27, at ¶¶ 1–2.  The undersigned issued a decision on January 24, 2014, dismissing the petition.

Petitioner filed a motion for attorneys' fees and costs on July 10, 2014.  A telephonic status conference was held on July 23, 2014, to discuss the reimbursement of fees for Dr. Murphy.

Dr. Murphy was indicted for income tax evasion and fraud on June 21, 2012, and convicted by a jury on June 20, 2014.  Indictment, <u>United States v. Murphy</u>, No. 12-cr-02497-AJB (S.D. Cal. June 21, 2012); Verdict, <u>United States v. Murphy</u>, No. 12-cr-02497-AJB (S.D. Cal. June 20, 2014).  He was convicted of one count of corrupt interference with administration of the Internal Revenue laws, four counts of filing fictitious financial obligations, and three counts of making false claims for payment.  Verdict, <u>United States v. Murphy</u>, No. 12-cr-02497-AJB (S.D. Cal. June 20, 2014).  He was also convicted in 2009 on two counts of making false statements to a federal officer, as well as attempted entry into the secure area of an airport and unauthorized transfer or receipt of counterfeit insignia.  Judgment, <u>United States v. Murphy</u>, No. 08-cr-01196-W-1, (S.D. Cal. Apr. 16, 2009).

The undersigned will not award any fees or costs for retaining Dr. Murphy or for Dr. Murphy's work.  While Dr. Murphy's conviction for tax evasion and fraud occurred after petitioner retained him as an expert, a reasonable search into Dr. Murphy's background would have revealed his 2009 convictions and his 2012 indictment.  Counsel has a duty to ensure that any experts retained will make credible witnesses.[2]  Dr. Murphy's convictions for false statements in 2009 as well as his convictions for fraud cast serious doubt on his credibility.  An expert's opinion is only as good as the basis for it.  <u>See, e.g.</u>, <u>Perriera v. Sec'y of HHS</u>, 33 F.3d 1375, 1377 (Fed. Cir. 2012) (affirming the denial of fees for an expert's testimony at hearing because no reasonable basis existed after the expert opinion was found to be unsupported by medical literature or studies).  There is no basis for awarding fees for Dr. Murphy's retainer or his work.

---

[2] The undersigned's concern for the credibility of experts extends to both parties.  <u>See, e.g.</u>, <u>Raymo v. Sec'y of HHS</u>, No. 11-0654V, 2014 WL 1092274, at*14–16 (Fed. Cl. Spec. Mstr. Feb. 24, 2014) (in which Chief Special Master Vowell discounted respondent's expert's report entirely based on the expert's failure to disclose the prior suspension of his medical license and completion of a probationary period due to his substance abuse problem).

The parties stated they intend to file a stipulation regarding attorneys' fees and costs, with the exclusion of Dr. Murphy's costs.

**IT IS SO ORDERED.**


Dated:  July 25, 2014                                              /s/ Laura D. Millman
                                                                           Laura D. Millman
                                                                           Special Master